IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| HAROLD O. POSTMA, | |
|---|---|
| Plaintiff, | No. 96-CV-4033-DEO |
| vs. | ORDER |
| SHERIFF MIKE VAN OTTERLOO, | |
| Defendant. | |

_____

This matter is before the Court pursuant to Plaintiff's, Harold O. Postma, motion pursuant to Federal Rules of Civil Procedure 60(b) and 60(d)(3), filed on January 31, 2011, requesting this Court to vacate its judgment of April 1, 1996. Docket No. 9. Though this Court no longer has a file related to the judgment of April 1, 1996, docket entries reveal it related to Mr. Postma's 28 U.S.C. § 2254 habeas petition; specifically, the judgment dismissed Mr. Postma's § 2254 petition without prejudice for failure to exhaust state court remedies. Docket Entry No. 5, 8, and 9. In his current motion, Mr. Postma does not contend that he did, in fact, exhaust his state court remedies; rather, he appears to contend that there is either no state court corrective process or that process is ineffective to protect his rights. Docket

No. 19. In his current motion, Mr. Postma also requests that this Court give him leave to file an amended and expanded complaint, apparently in relation to his initial 28 U.S.C. § 2254 petition. Id.

Overall, Mr. Postma's pending motion, absent review of the original file and given its organization and the nature of the factual allegations within, is difficult to follow and, ultimately, understand. For instance, Mr. Postma refers to numerous events but fails to include dates, which, given the amount of time that has lapsed since his initial 28 U.S.C. § 2254 petition, makes understanding the import of those allegations a near impossibility. He also makes sweeping claims against various individuals and institutions but fails to relate those claims to his motion. He claims Lisa McNeil, an administrator for the Third Judicial District, made false allegations which somehow interfered with his right of access to Iowa State Courts, though how her actions, other than influencing the attitude of Mr. Postma's counsel, had such a serious result is not apparent on the face of Mr. Postma's motion. Docket No. 19. He also alleges that law enforcement in Sioux County "intercepted mails containing notices of

2

hearing[s] and trials," and the State of Iowa has fabricated and manipulated his "Driver's Licensing Records." It is unclear whether the mails containing notices of judicial proceedings related to state court, federal court, or both federal and state court proceedings. It is also unclear what those proceedings were about or when they took place. Even more confusing, there is absolutely no indication how the State of Iowa fabricated and manipulated his driver's licensing records or how this figures into the various aspects of his motion.

Though ultimately unclear, it appears Mr. Postma's sole claim to relief from this Court's judgment of April 1, 1996, relates to an alleged fraud perpetrated upon this Court by the State court system. Docket No. 19. Rule 60(b)(3) provides that relief from a judgment is appropriate where an opposing party committed "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct" in relation to a judicial proceeding. Fed. R. Civ. P. 60(b)(3). A Rule 60(b)(3) motion must be sought "within a reasonable time." Fed. R. Civ. P. 60(c)(2). Rule 60(d)(3) provides that a Court may at any time "set aside a judgment for fraud on the court."

3

Fed. R. Civ. P. 60(d)(3).

Overall, Mr. Postma has failed to allege adequate facts for this Court to grant him the relief he seeks. First, Mr. Postma's current motion comes almost 15 years after this Court's judgment. Absent additional and understandable factual allegations providing specific dates, this Court is convinced Mr. Postma's Rule 60(b) motion has not been made within a reasonable time as required under Rule 60(c)(1). Fed. R. Civ. P. 60(c)(1). Second, a Rule 60(b)(3) motion alleging fraud must be made within a year. Id. Third, under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting [the] fraud . . . ." Particularity requires that a party provide the "who, what, when, where, and how: the first paragraph of any newspaper story." Great Plains Trust Co. v. Union Pacific R. Co., 492 F.3d 986, 995 (8th Cir. 2007) (citing DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir.). As previously mentioned, it seems Mr. Postma is alleging the "State court system" perpetrated a fraud on this Court, though what this fraud consisted of, when it took place, where it took place, or how it was achieved is unclear. Docket No. 19.

4

**Since Mr. Postma has failed to allege facts sufficient to show that this Court's 1996 judgment should be vacated, his motion in relation thereto is dismissed without prejudice to refiling. Furthermore, Mr. Postma's motion for an amended and expanded 28 U.S.C. § 2254 petition, since he has failed to indicate that he has exhausted his state court remedies and this Court's 1996 judgment is still effective, is also dismissed without prejudice to refiling. Finally, in anticipation of Mr. Postma refiling, the Clerk of Court is hereby instructed to order a copy of docket entries 1-18 of case number 96-CV-4033-DEO from the Archives Center.**

**IT IS SO ORDERED** this 29th day of September, 2011.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa